E. WHITMORE *v.* M. T. BALL.

PLEADINGS AND PRACTICE. *New trial. Misconduct of jury.* Upon a motion for a new trial based upon affidavit because of the misconduct of a juror, it is the duty of the court, to examine in open court, the jurors as to such misconduct.

FROM SHELBY.

Appeal in error from the Circuit Court of Shelby county. J. O. PIERCE, J.

FINLAY & PETERS for Whitmore.

W. M. RANDOLPH for Ball.

TURNEY, J., delivered the opinion of the court.

After verdict in an action for libel, plaintiff in error moved for a new trial, and read his own affidavit stating his grounds as follows: That A. M. Stoddard, one of the jury, after the jury had retired for consultation, stated to it, that to his knowledge, W. L. Trask, who wrote the article in the Ledger about which this controversy is, had prejudice and malice against the plaintiff, because when he had charge of the European Hotel, the plaintiff had refused to give him free dinners or free meals, or free board at his house. That the Public Ledger (which published the article complained of, and of which Whitmore is the owner), had published other articlces defamatory of individuals,

and that he wanted to stop it, that it had published unjust and false articles about a society of which, he (the juror), was a member, and that he had not forgotten it, and that he wanted to punish Whitmore for these things. He further said that the witnesses who had given damaging testimony as to the character of the plaintiff, and of the hotel he kept, he did not believe, that he had lived at the hotel and knew better, etc.

The affidavit further states, such statements made in the jury room, were calculated to mislead and prejudice the jury, and affiant believes did have an important effect and influence on the jury in inducing it to yield to Stoddard's suggestions, and give a verdict for damages. Without them he believes the verdict would have been for him, or merely nominal damages.

The affidavit discloses the names of three jurors from whom the facts of Stoddard's conduct · had been learned, but who refuse to voluntarily give their affidavits, but say they will make the statements if called by the court, or as the court may order. The action of the court is set out as follow: "The court refused to permit counsel to examine the said jurors in open court as requested, holding it improper to do so in the absence of affidavits from the jurors themselves, and informed defendant's counsel that the court would wait for an affidavit from a juror, and would consider it, if presented."

The court was then requested to examine the jurors, or any of them, touching the evidence of Stoddard in the jury room. This was refused. The court hold-

·ing it to be improper in the absence of affidavits of the jurors themselves.

That a verdict may be attacked and set aside for the misconduct of a juror, established by the testimony of his fellows, is too well established in this State to be disturbed now. We know of no reason in public policy why it should be otherwise. It certainly has a controlling tendency to insure purity and fairness in jury trials.

The statement of Stoddart, as discovered in the affidavit, were calculated to, and no doubt, did prejudice the jury and incline its minds to a verdict against the plaintiff in error. Treating the affidavit as *prima facie* true, it is certain that Stoddard was the friend and desperate advocate of the defendant in error. That a fair and impartial trial could not be had at his hands. A strong presumption arises that his conduct in the jury room brought about the verdict.

This court has several times said, the better practice is, to examine the juror in open court. Such course gives the adverse side full opportunity to test the witness and place before the court the facts in their true light, no room is left for sliding over or concealing facts, which, if left out of an affidavit, puts ·on the matter a face wholly different from the truth.

In this case the accusing jurors had refused to make written affidavits, and we know of no rule by which court or counsel could have compelled them to answer questions. In this case it appears that the affidavit had been filed long enough to have given the plaintiff and counsel ample time to examine it and

prepare to defend against it before the action of the court was invoked, or inquiring into the conduct of the offending juror. This fact excites a decidedly strong suspicion that the facts charged could not be rebutted, and we will look to it as a circumstance in the nature of a confession on the part of the plaintiff below, of the truth of the charges.

Under all the circumstances, we are of opinion the court should have examined the jurors offered, or a sufficient number of them, some of whom were present under subpœna, to have shown the truth or falsehood of the facts charged, and their influence upon the jury in arriving at its verdict. It was within the legitimate power of the court to have compelled the attendance and deposition of each juror. Counsel and parties were powerless to compel written affidavits.

Reversed.    Judge Cooper dissents.