MATTHEW J. ANDERSON, JR. *vs.* HENRY DUCKWORTH
& another.

Hampden.   September 25, 1894. — October 19, 1894.

Present: ALLEN, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Personal Injuries — Master and Servant — Due Care — Law and Fact —
Evidence — Exceptions.*

In an action for personal injuries occasioned to the plaintiff, while in the defend-
ant's employ as an assembler of revolvers, by the explosion of a cartridge which
had been accidentally left in one of the chambers of a revolver by the defendant,
whose business it was to test the revolvers after the plaintiff had put them to-
gether, and, if they did not work well, to return them to him, and who told the
plaintiff, when he first went to work, that he would see that no unexploded car-
tridge was left in the revolvers, it cannot be said, as matter of law, that the plain-
tiff should have examined the chambers of the revolver to see whether they
contained an unexploded cartridge; or that, by continuing in the defendant's
employ after finding, on a former occasion, an unexploded cartridge in a revolver
returned to him by the defendant after testing it, he assumed the risk of an ac-
cident from such a cause ; or that the manner in which the accident occurred
showed that the plaintiff was careless; or that he should have used the safety
catch on the revolver, the use of which would have prevented the accident; but
all of these questions are for the jury.

In an action for personal injuries occasioned to the plaintiff while in the defendant's
employ, it is competent for the judge, in the exercise of his discretion, to admit
in evidence the whole of a conversation offered by the plaintiff for the purpose
of showing an admission of liability on the part of the defendant, and in which
reference was made by him to the fact that he was insured against accidents,
with a caution to the jury that the fact of insurance is not to be taken as
an admission by the defendant, and then in the charge, after saying again
that the insurance is not to be regarded as an admission, to leave it to the jury
to find, under suitable instructions, what the true import of the conversation was.

An exception will not lie, in an action for personal injuries occasioned to the plaintiff
while in the defendant's employ, to the admission in evidence of a conversation
between the plaintiff and the agent of an insurance company which had insured
the defendant against accidents, if the bill of exceptions does not show that the
defendant was not present at the conversation, or that the plaintiff's statement
of what occurred was objected to except as a part of a conversation between the
plaintiff and the defendant which was rightly admitted in evidence.

TORT, against Henry Duckworth and James Duckworth,
copartners as H. and J. Duckworth, for personal injuries occa-
sioned to the plaintiff, while in the employ of the defendants,
by their alleged negligence.   At the trial in the Superior Court,

before *Fessenden*, J., the jury returned a verdict for the plaintiff; and the defendants alleged exceptions. The facts appear in the opinion.

*J. B. Carroll*, for the defendants.

*D. E. Webster*, for the plaintiff.

MORTON, J. The work which the plaintiff was employed to do was to assemble revolvers. That is, he took the different parts, after they were prepared, and put them together, and saw that they worked properly. It was no part of his duty to try them with explosives or to work on loaded revolvers. There was obviously nothing dangerous in handling revolvers under such circumstances. After the revolvers were assembled, they were tested by one of the defendants, James Duckworth, by loading and firing them, and if they worked all right they were accepted, but if they did not they were returned to the assembler. There was evidence tending to show that Duckworth told the plaintiff, when he first went to work, that he would see that no unexploded cartridge was left in the magazines. On the day of the accident, Duckworth, after testing one of the revolvers, handed it back to the plaintiff, telling him that it did not work right. While the plaintiff was engaged upon it, a cartridge which had been accidentally left by Duckworth in one of the chambers exploded and injured the plaintiff. The defendants contend that the plaintiff was bound, in the exercise of due care, to examine the revolver himself, and was not justified in relying wholly upon the examination of Duckworth, especially in view of the fact, which the plaintiff knew, that Duckworth once before had left an unexploded cartridge in a revolver, which he handed back to the plaintiff after testing it.

But due care depends on what is reasonable under the circumstances, and is generally a question of fact for the jury. It cannot be said, we think, as matter of law, that the probability that Duckworth would leave an unexploded cartridge in one of the chambers was so great as to require the plaintiff to examine them himself, or that, by continuing in the defendants' employment after finding an unexploded cartridge in a revolver handed to him by the defendant James after testing it, he thereby assumed the risk from such unexploded cartridges as might be accidentally left in revolvers by said James. He had a right

to rely to some extent upon James's assurance that he would leave no unexploded cartridge in the revolvers. How far it was reasonable for him so to do, under the circumstances, was a question for the jury. The defendants also contend that the manner in which the accident occurred shows that the plaintiff was careless, and that he should have used the safety catch. These questions were also for the jury. We do not think that it can be held, as matter of law, upon the evidence, that the plaintiff was wanting in due care because he did not use the safety catch, although if he had done so the accident would not have happened; nor that the manner in which the accident occurred appears so clearly as to justify us in saying that it must have been due to the plaintiff's carelessness, even if we assume that there was some reason for him to suppose that there might be an unexploded cartridge in the magazine.*

The remaining question relates to the admissibility of certain conversations between the plaintiff and the defendant James, introduced by the plaintiff for the purpose of showing what he contended was an admission of liability on the part of the defendants. Reference was made by the defendants in these conversations to the fact that they were insured against accidents. Before any of the testimony was introduced, the plaintiff's counsel, upon objection by the defendants' counsel, said, without stating the precise testimony, that he expected to show an admission by the defendants. The court thereupon stated that " no evidence could be considered by the jury except such as showed an admission, and that no evidence as to an insurance by the defendants would be competent to show an admission." The same statement was made by the court with reference to testimony relating to insurance drawn out of the defendant James on his cross-examination. Both of these statements were ad-

---

* The plaintiff's testimony as to the occurrence of the accident was as follows: " The revolver was all put together when he handed it to me; I walked over to my bench and sat down, and was about to raise my left hand to take off the cap and see what the matter was, when it slipped, and I suppose I squeezed my hand on it to keep it from falling, and it went off and shot me in the hand, — in my left hand. I started to take off the pin for the purpose of taking out the inside and seeing what was the matter; it shot me in the forefinger of my left hand."

dressed, it is to be presumed, to the jury. In its charge, the court told the jury, in substance, that the fact of insurance had nothing to do with the duty of the defendants to the plaintiff or their liability to him, and that it was for them to say whether the true import of the conversations was an admission of liability on the part of the defendants, or an assurance or the expression of a hope on their part that the insurance company would pay the plaintiff, and that if it was the latter it was not an admission. No exception appears to have been taken by the defendants to this portion of the charge. And we think that it was competent for the court, in the exercise of its discretion respecting the conduct of the trial, to admit the conversation, with a caution to the jury that the fact of insurance was not to be taken as an admission by the defendants; and then in the charge, after saying again that the insurance was not to be regarded as an admission, to leave it to the jury to find, under suitable instructions, what the true import of the conversation was. It cannot be said, we think, that there was nothing which fairly could be construed as an admission of liability.

The exceptions do not show that the defendant James was not present at the conversation with the agent of the insurance company, or that the plaintiff's statement of what occurred was objected to, except as a part of the conversation with the defendant.    *Exceptions overruled.*