## J. C. HARBIN v. A. T. ELAM.

Western Section.    July 11, 1925.

Certiorari denied by Supreme Court January 16, 1926.

1. **New trial. Refusal to grant new trial because of voluntary statement of witness, held not reversible error.**

   In an action to recover damages for injuries sustained in an automobile accident where witness made a voluntary statement about going to the place of accident with the insurance agent and the defendant did not object to the statement and offered evidence and argued the case and then moved for a new trial because of the statement, held trial court justified in overruling the motion.

2. **New trial. Misconduct of jury. General talk of jury while considering their verdict in regard to defendant having liability insurance not ground for new trial.**

   Where the jury generally discussed the probability of defendant having insurance but no juror knew or undertook to state whether defendant did or did not carry liability insurance, held not ground for new trial.

3. **New trial. Jurors will not be allowed to impeach their verdict.**

   Where jurors swear that they will fairly and impartially try a case, they will not later be allowed to impeach their verdict by swearing they did not so try the case.

4. **Trial. Trial judge not required to file written finding of facts where case tried by judge and jury.**

   Under Shannon's Annotated Code, Section 4684, trial judge is not required to file a written finding of facts upon request.

5. **Trial. Request for written finding of facts must be made upon trial of the cause.**

   The request for written finding of facts by the Judge must be made upon the trial, and request made after the trial comes too late.

6. **Trial. Instructions. It is not error to refuse instructions where the matter therein contained is covered in other instructions.**

   Where all the matter, properly applicable to the facts of the case, contained in special instructions was covered by the general charge, it is not error to refuse them. All instructions are set out in full in opinion.

7. **Damages. $4999.25. Held not excessive for fractured skull and other injuries.**

   A verdict of $4999.25 was not excessive where plaintiff received a fractured skull and was severely injured.

Appeal in Error from Third Division of Circuit Court of Shelby County; Hon. A. B. Pittman, Judge.

Affirmed.

Wilson, Gates and Armstrong, of Memphis, for Elam.
Holmes and Canale, of Memphis, for Harbin.

CLARK, J. This is a suit for personal injuries resulting from the collision of two automobiles, the suit being brought by A. T. Elam, as plaintiff, and against J. C. Harbin, as defendant. There was a verdict below in favor of the plaintiff for $4999.25. Defendant's motion for new trial was overruled, and he has perfected an appeal to this court and assigned errors. The first, second, third and fourth assignments are as follows:

1. The court erred in overruling the motion of the defendant to enter a mis-trial and discharge the jury because of the bringing to the attention of the jury in the testimony of witness Day the existence of liability insurance. This was error because the testimony of said witness brought to the jury's attention the existence of said liability insurance.

2. The court erred in refusing to grant the defendant a new trial on account of the misconduct of the jury in considering improper evidence, to-wit the evidence of liability insurance.

3. The court erred in failing and refusing to grant defendant a new trial because of the misconduct of certain jurors in bringing to the attention of the jury the existence of liability insurance and because of the misconduct of the jury as a whole in returning a verdict because of the existence of said liability insurance.

4. The court erred in failing and refusing when requested by defendant to find whether or not any of the jurors were influenced in their verdict by their belief that liability insurance existed.

There is no assignment that there is in the record no material evidence to support the verdict, but a proper disposition of the above assignments makes necessary a statement of the material facts of the case, and in stating them, as is the rule, we will take that view of the evidence most favorable to the successful party below.

The plaintiff, Mr. A. T. Elam, in company with two of his brothers, on the 4th day of February, 1924, in a Ford sedan, was driving south on the Hernando Road in Shelby county, Tennessee. One of the brothers of the defendant owned the automobile in which they were riding and was driving same. It was between 5:45 and 6:15 P. M.

When they reached a point a few miles from the business section of the city of Memphis, a bus passed them and some of those therein called the attention of the occupants of the Ford sedan to the fact that the radius rod of said sedan was down.

The graveled or hard surface part of said Hernando Road is about nineteen and one-half feet wide. On each side of said hard surface portion there is a surface that is not graveled, and this ungraveled portion on the west side of said road is about five feet wide, that

is the distance from the west edge of the graveled portion of the road to the west edge of the road is about five feet.

When his attention was called to the fact that the radius rod was down, plaintiff's brother drove to his right, that is to the west side of said road, and so that the right wheels of his automobile were off the graveled portion of the road but the left wheels remained thereon. He stopped, got out, went to the front of the car and was undertaking to temporarily repair same. Plaintiff got out of the car, went around in front of same, and while his brother returned to the car for the purpose of getting a wrench, plaintiff stooped and was looking under the front end of said car when a Reo truck driven by defendant crashed into the rear end of the Ford sedan, caved in the rear portion of said sedan, knocked same over plaintiff and injured him in the manner that will be hereafter described. The front lights of the Ford sedan were burning, and there is in the record some material evidence from which it may be inferred that the tail light of said sedan was also burning. Several witnesses testified that it was not. Plaintiff did not on that night before the accident examine it to see whether it was burning, but there is in the record evidence that said tail light was in good repair and was burning when the lights were on the last time noticed before the accident. There is also material evidence to the effect that when defendant's truck crashed in to said car the tail light was demolished and the frame work that supported it very much twisted.

Defendant admits that it was his truck that ran into the Ford sedan, and he also admits that he was driving same at the time of the collision. He says that he was going at a speed of about twenty miles an hour shortly before he approached said sedan, when the headlights of a car coming from the south and meeting him blinded him and he turned quickly to his right for the purpose of avoiding said car, that he was on the look-out ahead, but did not see the Ford sedan until he was so close to it that it was impossible for him to stop, notwithstanding he had slowed down to about fifteen miles per hour when he turned to his right. He insists that there was no tail light on said sedan and that plaintiff's brother was negligent in stopping it without getting off the travelled portion of the highway, and that plaintiff was grossly negligent in going in front of said sedan and stooping down knowing said sedan was in said portion of said road.

We think there is in the record material evidence convicting defendant of negligence. He says that his headlights were burning, and that he was on the look-out ahead. There is in the record evidence that he stated on at least one occasion shortly after the accident that his headlights were not burning, but, however that may be, if his head lights were burning and he was on the look-out ahead, it is right difficult to understand how it was that he could not see an object as large as the back end of a Ford sedan before

getting in such close proximity to it that it was impossible for him to stop in time to avoid the collision, when he was going only fifteen miles per hour.

Coming now to the assignments of error: when the witness, Day, was being cross-examined by one of the attorneys for plaintiff, he was asked whether the defendant told him where the accident occurred, and he answered "No sir, the insurance man who went with me." That is all that was said during the course of the trial with reference to insurance, and it is clear that the attorney for plaintiff, when he asked the question, had no intention of having the witness refer to insurance. The answer was unexcepted to. Other testimony was introduced, the case was argued, and still no exception was made to said testimony, but before the jury retired to consider of its verdict, the defendant moved the court to enter a mistrial because of the action of said witness in bringing to the attention of the jury the matter of insurance. The motion was overruled.

The matter of insurance was discussed by some of the jurors in the jury room and before the verdict was returned, but no juror stated to his fellow jurors that defendant did or did not have liability insurance. The most that can be said is that, while the jury was discussing the case, one or more jurors said that if judgment was given against defendant he would not have it to pay; that the insurance company would pay it. Another juror probably referred to the fact that the witness Day stated that an insurance man showed him where the accident occurred, and another juror stated he had carried as much as $5000 liability insurance when he drove a car, and that Mr. Harbin probably had insurance. No juror knew or undertook to state whether defendant did or did not carry liability insurance. Upon the motion for a new trial several jurors were examined, and two of them stated that if they had not supposed that defendant had liability insurance they would not have voted for a judgment against him; that it was their intention to make the insurance company pay the judgment.

The judgment for $4999.25 is unusual, and one juror testified that he was not willing to give over what he assumed the insurance was.

Upon the above facts, it is most earnestly insisted that a new trial should be granted because of the misconduct, or alleged misconduct, of the jury. Able counsel for defendant cite numerous cases, including Crawford v. State, 2 Yerg., 60; Booby v. State, 4 Yerg., 111; Donston v. State, 6 Hump., 274; Cochran v. State, 7 Hump., 544; Nelson v. State, 10 Hump., 518; Sam v. State, 1 Swan., 60; and Galvin v. State, 6 Cold., 286. We have examined all of these cases. It would make this opinion too long to undertake to discuss all of them. We think they are easily distinguishable from the case at bar. In nearly all, if not all, of them, a juror stated to the jury, while it was considering the case, matters bearing on the case which he claimed to know as facts. The jury did not simply assume that

certain facts existed, but it accepted the statement of the misbehaving juror as true, and let such statement enter into its consideration of the case.

Counsel for defendant also cites Wade v. Ordway, 4 Baxter, 229. It was material in that case to determine whether a certain witness could have seen the robbers as they escaped. One of the jurors went to the place where the witness said he was and reported his findings to his fellow jurors.

In the case of Norton v. State 1 Lea, 498, it appeared that, while the jury was considering its verdict, one of the jurors stated to his fellows that the prisoner had theretofore stolen sheep, money, and other things from his father.

In the case of Whitmore v. Ball, 77 Tenn., 35, also cited, one of the jurors reported to his fellows that the man who wrote an article in a newspaper about which the controversy in the trial was waged had, for certain reasons, prejudice and malice against the plaintiff.

In the case of Nile v. State, 11 Lea, 694, one of the jurors stated to others that he had been a juror in a case before against Nile about some fodder, and that it was very common for Nile to be in court; that he was in court nearly every term, with some charge against him.

In the case of Railroad v. Lee, 11 Pickle, 387, the jury examined certain diagrams that had not been introduced in evidence.

In Ryan v. State, 13 Pickle, 205, one of the jurors who tried the case stated to his fellow jurors that he was a member of the grand jury when the defendant was indicted for an attempt to murder one Kehoe, and that the facts of that case were that defendant went up behind Kehoe, who was stooping over a water pipe, and hit him with a heavy wrench.

The case of Forsythe v. Central Manufacturing Co., 19 Pickle, 498, was a suit by a parent to recover for loss of service of his minor child, on account of personal injuries. The Supreme Court held that it was ground for a new trial for a juror to state to his fellows that the minor himself had recovered a judgment.

In the case of Railway and Telephone Company v. Simmons, 107 Tenn., 392, one of the jurors informed the others that the telephone company, one of the defendants, had offered to compromise with the plaintiff by giving her employment for twenty years at $25 per month.

In Robilio v. Webb, 7 Higgins, 127, a material question was the width of a certain street. Some of the jurors went to the street, examined it, and reported their findings to the other members.

All of the above cases are cited for defendant. We think none of them is controlling. As insisted for defendant, it is improper to acquaint the jury with the fact that the defendant in a case of this kind has liability insurance. Mfg. Co. v. Woodall, 115 Tenn.,

605; South Memphis Brick Co. v. Levi Dotson, 8 Higgins, 218; but if the defendant does not object to the jury being so acquainted, he cannot thereafter complain.

In the case at bar, no witness testified that defendant carried liability insurance. The witness Day simply said that the insurance man showed him the place where the accident occurred. It may be that this was sufficient to suggest to the jury that defendant was insured, but if it was, as stated, defendant did not object to the suggestion. He sat as if he was satisfied and, sitting until all the evidence was in and the case argued, then sought to have the trial judge enter a mis-trial.

Had defendant objected to the statement of the witness, it is very probable that none of the things complained of with reference to insurance would have taken place in the jury room. The trial judge would doubtless have instructed the jury that it was not concerned with the matter of whether defendant did or did not have insurance, and that it should not presume that the reference made by Mr. Day to an insurance man was to a man that had insured defendant.

Jurors will not be permitted to impeach their verdict and to stultify themselves, as was attempted by two jurors in the instant case. Said jurors had sworn that they would try the case fairly, impartially, and on the evidence as introduced. Yet, when examined as witnesses, they say, in substance, that they did not do that; that they sought to give a verdict against an insurance company that was not a party to the law suit, and the name of which they did not know. See 27 R. C. L., page 896, sec. 68; Lee v. State, 121 Tenn., 552; Hughes v. State, 126 Tenn., 95; McDonald v. Pless, 238 U. S., 263, 59 Law Ed., 1300.

The first, second, third and fourth assignments are overruled.

Through the fifth assignment it is insisted that the trial judge erred in failing and refusing to make a written finding of fact and law in passing on the motion for a new trial.

Counsel for defendant cite no authority in support of this assignment, and we know of none. The law of this State with reference to written findings of facts and conclusions, when requested, is brought into Shannon's Annotated Code at section 4684, and said section is, ''Upon the trial of the question of fact by the court, the decision, if requested by either party, shall be given in writing, stating the facts found and the conclusions thereon, which shall constitute a part of the record.'' It has been held in this State that the request for the court's finding of facts and conclusions thereon must be made upon the trial of the cause, or else it will not be effective, and where it appears from the record that a request is made after the trial, it comes too late. Parham v. Gibbs, 16 Lea,

296; Insurance Company v. Witherspoon, 19 Cates, 368.  In the case at bar the trial was before the court and a jury.  The motion for a new trial was only a part of the trial, and it was on the motion for a new trial only that a request was made for a written finding of facts and law.  The fifth assignment is overruled.

The sixth, seventh, eighth, ninth, tenth, and eleventh assignments are as follows:

6.  The court erred in refusing the following request for special instruction tendered by the defendant in the presence of the jury, after the giving of the general charge, and not covered by the general charge.

You are instructed that if you find and believe from the evidence that plaintiff A. T. Elam at the time the automobile accident occurred was stopped alongside the highway and that no tail light was burning on the automobile in which he was riding at the time said automobile was stopped, and·that the highway on which he was traveling was a much frequented highway and that an ordinarily prudent man in proceeding as said plaintiff was proceeding would have seen to it that his tail light was burning, then such failure to have tail light burning would be such contributory negligence on the part of said plaintiff A. T. Elam as would bar his recovery in this action.

Refused, A. B. Pittman, Judge.

7.  The court erred in refusing the following request for special instructions tendered by the defendant in the presence of the jury after the giving of the general charge, and not covered by the general charge:

If you believe from the evidence that the plaintiff was proceeding south on the Hernando Road in a Ford automobile with his brothers and finding something was wrong with said automobile, they stopped it on the paved part of the road and at or near the western edge of said part of paved road, and if you further believe from the evidence that to the west of the paved part of the road, there was a strip of road of sufficient width on which to stand said automobile, and if you further believe from the evidence that the tail light on said automobile was not lighted and that the plaintiff, without endeavoring to ascertain whether the tail light was burning, went to the front end of said automobile and began working on same, and if you believe that a reasonably prudent man, considering the conditions of light, the character of road and all the surrounding circumstances, would not have placed himself in this position under these circumstances, then the plaintiff would be guilty of contributory negligence in placing himself in this position, and if you find from the evidence that this contributory negligence was a remote and not a proximate cause of the injuries which the plaintiff received, then

the plaintiff could still recover, if you find that the defendant was guilty of negligence which proximately caused his injuries, but you must then mitigate any recovery which you might otherwise award the plaintiff by such remote contributory negligence.

Refused, A. B. Pittman, Judge.

This was error because it correctly states the law, was applicable to the facts of the case, and was not covered by the general charge.

8. The court erred in refusing the following request for special instruction tendered by the defendant in the presence of the jury, after the giving of the general charge, and not covered by the general charge:

If you believe from the evidence that the automobile in which the plaintiff A. T. Elam had been riding was stopped on the west side of the paved part of the road, and if you further believe from the evidence that there was enough space to the west outside of the paved part of said road for said automobile, and if you further believe from the evidence that the tail light on said automobile was not lighted, and if you further believe under these circumstances and without looking to see whether the tail light was lighted or not, the plaintiff alighted from said automobile and went to the front end of same to work on it, and if you believe from the evidence that a reasonably prudent man under those circumstances and under the conditions then prevailing on that character of road would not, in the exercise of ordinary care, have placed himself in this position and if you further believe from the evidence that such contributory negligence, if you find that it existed, was one of the proximate causes of the injuries which the plaintiff received then the plaintiff cannot recover, and your verdict should be for the defendant.

Refused, A. B. Pittman, Judge.

This was error because it correctly states the law, was applicable to the facts of the case and was not covered by the general charge.

9. The court erred in refusing the following request for special instructions tendered by the defendant in the presence of the jury, after the giving of the general charge, and not covered by the general charge.

"It is immaterial in this case who was operating the Elam car or who stopped it by the roadside. The plaintiff A. T. Elam was bound to accept conditions as he found them. Therefore, if you believe from the evidence that after the Elam car was stopped by the roadside the plaintiff put himself in the place where a reasonably prudent man would not put himself under the same or similar circumstances, then the plaintiff was guilty of contributory negligence regardless of who originally caused the Elam car to be stopped by the roadside."

This was error because it correctly states the law, was applicable to the facts of the case, and was not covered by the general charge.

10.   The court erred in refusing the following request for special instruction tendered by the defendant in the presence of the jury, after the giving of the general charge, and not covered by the general charge.

"It is a rule of law that one person in the use of a highway need not anticipate that another person will be negligent in the absence of the facts and circumstances which should put a reasonably prudent man on notice that such negligence exists.

"Therefore, if you believe from the evidence that a reasonably prudent man would not, in the exercise of reasonable care, have stopped the Elam car where it was stopped, then J. C. Harbin was not bound to anticipate that such car would be in that position, unless you believe that there existed facts or circumstances which should have put a reasonably prudent man on notice that the automobile was in that position."

Refused, A. B. Pittman, Judge.

11.   The court erred in refusing the following request for special instructions tendered by the defendant in the presence of the jury, after the giving of the general charge, and not covered by the general charge:

If you believe from the evidence that the defendant J. C. Harbin was proceeding south on the Hernando Road at a reasonable rate of speed, keeping a proper lookout ahead and had his automobile under control, under all the surrounding circumstances, and if you further believe from the evidence that exercising reasonable care he did not see and could not see the Elam automobile standing by the roadside as he approached it, and if you further believe from the evidence that prior to the time when with the exercise of reasonable care and by the lights of his own headlights if you believe they were lit, he could see said Elam automobile, he was suddenly blinded by the headlights of an automobile approaching from the south and going north, and if you further believe from the evidence that before he could, in the exercise of reasonable care, bring his automobile to a stop he collided with the Elam automobile standing by the roadside as a result of being blinded by the lights of the automobile approaching from the south, under these circumstances the defendant Harbin would not be guilty of negligence, and your verdict should be for him.

Refused, A. B. Pittman, Judge.

This was error because it correctly states the law, was applicable to the facts of the case, and was not covered by the general charge.

These assignments are overruled for the reason that all of the matters contained in said requests, properly applicable to the facts

of this case, were covered by the general charge. Among other things the trial judge said:

"Now, the theory of the defendant is that Mr. A. T. Elam was guilty of negligence. It is not claimed in this case, gentlemen, and even if it was claimed, it would not be the law, that Mr. A. T. Elam, the plaintiff in this case, is chargeable with any negligence that might have been committed by his brother, who was driving this Ford automobile.

"He is not chargeable with any negligence whatever, except such as he might himself have been guilty of.

"Now, the theory of the defendant is, that Mr. A. T. Elam was guilty of negligence, in that, the car having been stopped on a highway—much travelled, even though it was stopped there by his brother and not by himself, in that, he went and got down in front of that car without taking the precaution to see whether there was a light burning on the rear, or without taking the precaution to ask his brother to move the car out of the traffic, off of the paved part of the street. That is the theory of the defendant as to the negligence of the plaintiff. He is not charging the plaintiff with negligently putting this automobile where it was, but he claims that the negligence of A. T. Elam consisted in getting down in front of it, when it was negligently placed, and his theory is that Mr. A. T. Elam did not exercise reasonable and ordinary care for his own safety, in that, without seeing that the car was removed from a place of danger or guarded with lights, that he got down in front of this automobile on the paved part of this street. Now, that is the theory upon which the defendant claims that A. T. Elam was guilty of negligence which he says bars any right of recovery that he might have, even though Harbin is found by the jury to have been also guilty of negligence."

Said assignments are overruled.

Through the twelfth assignment it is insisted that the verdict is excessive.

The plaintiff was struck a severe blow. He was rendered unconscious and remained so some ten days to two weeks. His skull was cracked and he was otherwise injured. He found it necessary to and did pay hospital and doctor's bills and other expenses as the result of his injuries. He was probably guilty of some contributory negligence. He stopped in front of an automobile on a much travelled highway, but he was to the right hand of the highway, there were fifteen or eighteen feet of the hard surface portion of it to his left over which other people could pass, and he had the right to assume that no one would heedlessly run into the rear of the car and knock it upon him. The trial judge said that but for the contributory

negligence of the plaintiff a verdict for $20,000 would not have been excessive. However that may be, we are of opinion that the verdict returned was not excessive, and the twelfth assignment is overruled.

We concur with the trial judge in his statement to the effect that, under the facts of this case as disclosed by the record, the defendant was liable and that the jury was well warranted in returning a verdict against him. While the conduct of the jury was unusual and the testimony of the two who undertook to stultify themselves, more so, yet we think that the justice of the case has been reached, and we are of opinion that the result of the trial would have been the same had the alleged misconduct of the jury not occurred. Public Acts of 1911, chapter 32.

The result is that all of the assignments of error are overruled. the judgment of the trial court is affirmed. The plaintiff below, A. T. Elam, will recover of the defendant below, J. C. Harbin, the amount of the judgment rendered in the trial court together with proper interest. He will also recover of said defendant and the surety on his appeal bond the cost of the appeal.

Affirm and render.

Owen and Heiskell, JJ., concur.