VERDA STEARNS, Admx., v. H. F. WILLIAMS and MRS. B. F. PRICE.

Middle Section.  March 29, 1930.

Roberts & Roberts, of Nashville, for Miss Stearns, Admx.
James A. Newman, of Nashville, for defendant Williams.
M. S. Ross and W. C. Cherry, both of Nashville, for Mrs. B. F. Price.

CROWNOVER, J. This was an action by the administratrix for damages for personal injuries resulting in the death of S. M. Stearns, caused by the collision of the automobiles driven by the defendants, H. F. Williams and Mrs. B. F. Price, which occurred at the intersection of Church street and Ninth avenue, in the City of Nashville, on the 24th day of September, 1928. The automobile driven by Mrs. Price, after the impact, ran diagonally across the street and struck

Mr. Stearns, who was standing on the sidewalk, and he sustained injuries from which he afterwards died.

The jury returned a verdict for $10,000 in favor of the administratrix and against Williams, but found in favor of Mrs. Price. Williams has appealed in error to this court and the administratrix has appealed in error from the verdict as to Mrs. Price.

Plaintiff in error, Williams, has assigned seven errors, five of which involve different phases of one subject, disclosed on cross-examination, that Williams had liability insurance on his automobile. Williams' third assignment of error complains of the court's refusal to grant a continuance on account of the absence of an important eyewitness, and his last assignment is that the verdict was excessive.

Plaintiff in error, the administratrix, assigned three errors on the verdict in favor of Mrs. Price. The first two assignments go to the proposition that there was no evidence to support the verdict in her favor, as the proof showed that she was driving faster than ten miles per hour at the intersection of the streets in violation of a city ordinance and was guilty of negligence which proximately contributed to the injury. Her third assignment was that the court erred in declining to charge her special request, that if Mrs. Price was driving at a rate of speed in excess of ten miles per hour at the intersection of these two streets, in violation of an ordinance of the city, which violation, if the proximate cause of the injury, would render her liable in damages.

We find the facts to be that Williams was traveling in his car east on Church street and approaching Ninth avenue, and in the meantime Mrs. Price was driving south on Ninth avenue approaching Church street. Mr. Stearns, an old man, was standing on the sidewalk near the intersection of Church street and Ninth avenue, on the southeast corner.

Over the intersection of these two streets was suspended a traffic signal light. The green light was on the Ninth avenue traffic and the red light was against the Church street traffic.

Mrs. Price was traveling at the rate of fifteen to eighteen miles per hour and applied her brakes as she neared the intersection, reducing her speed to ten or twelve miles per hour, and the street was clear as she entered the intersection.

H. F. Williams was driving at the rate of fifteen to eighteen miles per hour, and some witnesses say that he was driving at the rate of twenty-five or thirty miles per hour, as he approached the intersection.

Mrs. Price's car had reached a point in the intersection slightly south of the signal light when it was struck by the Williams car. She had swerved slightly to the left and Williams had turned slightly to the right. The left front of Williams' car struck the right front fender of Mrs. Price's car where it joins the running board. Mrs. Price was thrown from the steering wheel and from the seat, by the impact,

down into the bottom of the car, and the automobile ran diagonally across the street, struck the "Stop" sign post, knocking it over, ran over the curb and over Mr. Stearns. The iron post struck him on the head, knocking him down, and the car ran over both of his legs, breaking them. He died ten days after the accident as the result of the injuries. This action for damages was brought by his administratrix against both H. F. Williams and Mrs. Price.

The main question raised by Williams in this court is that the trial court erred in not granting him a new trial, for the reason that it was shown that he had insurance on his automobile. A witness for the plaintiff, a policeman by the name of Borum, on cross-examination by defendant Mrs. Price's attorney, in response to the question:

"Did you hear anything said about fixing Mrs. Price's car? answered:

"Mr. Williams told Mrs. Price to take it down to George Cole's and have it fixed, and he would pay for it, he had insurance on his car."

A motion was made at the time for a mistrial as to defendant Williams, but plaintiff's attorney moved that the answer be stricken out. The trial judge overruled the application for a mistrial and instructed the jury not to consider this evidence on the question of insurance.

But after a careful examination of the record and the authorities we are of the opinion that these assignments of error on this proposition are not well taken and should be overruled.

Ordinarily it is not permissible to show in an action for damages that the defendant had indemnity or liability insurance on his automobile. See Mfg. Co. v. Woodall, 115 Tenn., 605, 90 S. W., 623; South Memphis Brick Co. v. Dodson, 8 Hig., 218; Harbin v. Elam, 1 Tenn. App., 500. But evidence showing admission of liability by the defendant may properly be submitted, although it is developed that in making the admission the defendant stated that he carried liability insurance. 56 A. L. R., 1448; Roche v. Iron Works, 140 Cal., 563, 74 Pac., 147; Anderson v. Duckworth, 162 Mass., 251, 38 N. E., 510; Ward v. De Young, 210 Mich., 67, 177 N. W., 213.

Obviously, information volunteered by a witness to the effect that the defendant carries liability insurance is as harmful and prejudicial as responsive testimony to that effect, and should be promptly stricken out, yet, as a general rule, the admission of voluntary, unresponsive statements of this kind are not regarded as reversible error, even when made by the plaintiff or his witnesses, if the court takes prompt action to eradicate such statement, although, if the plaintiff himself makes such statements after admonition by the court, there is reversible error. 56 A. L. R., 1451-2, and authorities cited.

It has been doubted that reference to insurance in an automobile collision case is prejudicial to the defendant, where it is merely incidental, and not an attempt to place information before the jury; accordingly references by witnesses to insurance matters incidentally

necessary to a full statement on their part do not constitute reversible error, or justify a mistrial; it is only where the evidence is brought out for the express purpose of prejudicing the defendant's case that this penalty is imposed. And as a general rule it may be said reference to, or statements of, the fact that the defendant carries liability insurance, which are not responsive to the questions asked of witnesses, and which could not have been anticipated by the counsel conducting the examination, are not deemed to constitute reversible error, if the trial judge promptly excludes the statements. 56 A. L. R., 1491-2, and cases cited.

"Where questions not necessarily calling for disclosure of defendant's insurance are answered by plaintiff in good faith and answers are promptly stricken, reference to insurance in such answers does not require reversal." C. J. Supp., 1928, p. 567; Miller v. Products Co. (Mo. App.), 282 S. W., 141; Greenwold v. Faber (Mich.), 207 N. W., 911.

Hence, these assignments of error must be overruled.

Williams' third assignment of error complains of the action of the trial court in refusing to grant a continuance on account of the absence of one of his eyewitnesses.

This assignment of error must be overruled for several reasons. First, the bill of exceptions does not contain the motion for a continuance or any reference to it.

"When the trial court hears anything in the way of evidence on such motions it is as necessary to show that the bill of exceptions contains all that was then heard as it is to make such showing with reference to evidence heard in the trial of the case on its merits." Eatherly v. State, 10 Cates, 371, 101 S. W., 187; Odeneal v. State, 128 Tenn., 60, 157 S. W., 419; Rosenbaum v. Herron, 5 Hig., 639.

Second, it was not shown that the defendant used due diligence to obtain this witness' testimony. Travis v. Bacherig, 7 Tenn. App., 638, 646.

"Plaintiff in error cannot successfully assign error upon the refusal of the trial judge to grant a continuance for witnesses out of the state, where no diligence was shown to have them present when the case was first set for trial, and where nothing is shown to warrant the assumption that the witnesses would return to the state before or at the convening of the next trial term." Dalton v. Kopp, 2 Hig., 619.

"The party making application for continuance should set out in an affidavit the particular facts which he expects to establish by the absent witness." Dalton v. Kopp, supra.

The last assignment of error, to the effect that the verdict was excessive, must be overruled. Mr. Stearns was entirely without fault. He was severely injured in the head and in the legs and suffered much

pain, and he died as the result of his injuries. And we think that $10,000 is not excessive.

All of the errors assigned by defendant Williams must be overruled and the judgment of the lower court as to him must be affirmed.

We are of the opinion that the three assignments of the administratrix as to the verdict in favor of Mrs. Price should be sustained.

The violation of a statutory duty or a duty prescribed by a city ordinance constitutes conclusive evidence of negligence, negligence as a matter of law, or negligence per se, and will render the defendant liable, if such negligence was the proximate cause of the accident and injury. 45 C. J., 717; R. R. v. Haynes, 112 Tenn., 713, 81 S. W., 374; R. R. v. Martin, 113 Tenn., 267, 87 S. W., 418; Chattanooga Station Co. v. Harper, 138 Tenn., 566, 198 S. W., 394.

There was proof that there was a city ordinance prohibiting the driving faster than ten miles per hour at the intersection of streets, and the proof tended to show that Mrs. Price was driving faster than ten miles per hour when the accident occurred. Hence, we are of the opinion that the court erred in not charging the special request of the administratrix as to the speed limit at intersections of streets.

It is insisted by the defendant Mrs. Price that there was no proof of a city ordinance prohibiting the driving of automobiles faster than ten miles per hour at street intersections. But we are of the opinion that this insistence is not well made. The administratrix averred in the seventh count of her declaration that Mrs. Price was driving in excess of the speed allowed by the city ordinance, and further averred that the ordinance provided:

"SPEED LIMITS.

"Sec. 1 (5). Be it further enacted, that it shall be unlawful for any vehicle to exceed a speed of twenty miles per hour within the corporate limits of said city. No vehicle shall exceed a speed of ten miles at any corner or intersection of the streets, highways or other thoroughfares of said city;" . . .

After the plaintiff had introduced all of her proof, the parties entered into an agreement to treat the ordinances relied upon as read in evidence, and the same is set out in the record as follows:

"The Court: In the city ordinances, is Church street designated as an arterial highway?

"Mr. Cherry: Yes, west of Eighth avenue.

"Mr. Roberts: At this time we want to put in evidence the city ordinances that were in effect at the time of this injury, September 24, 1928.

"The Court: Suppose you do this: Take one of the books and check the ordinances that you are relying on and pass it to me, and let them be considered as read?

"Mr. Ross: I want to say, we will stipulate that the ordinances are in proof and either side may read any portion of them.

"Mr. Roberts, Jr.: We just want to read the ones we have pleaded and set out.

"The Court: That part of that section, that is all that is necessary.

"Mr. Ross: I want to say we will stipulate that the ordinances, in so far as they might be read, are in evidence, subject to objection for competency.

"Mr. Cherry: We are objecting to the competency of some of it.

"Mr. Roberts: The ordinances are as follows: On page 8 of this compilation of ordinances, Ordinance No. 385, Section 5. Twenty miles per hour is fixed as the speed limit within the city.

"On page 10, with respect to arterial highways. With respect to arterial highways, requiring cars to come to a full stop, regardless of whether or not there is any traffic approaching from either direction.

"Page 14, Section 12, subsection 5. Where traffic is regulated by means of a signal suspended in the air immediately over the center of the street intersection, all east and west bound traffic shall stop—

"The Court: That is just respecting the color of the lights, red is danger and green is clear.

"Mr. Roberts: Stop for red and pass for green. That is what that is.

"That is all the ordinances. We plead the state statute of thirty miles per hour, of course we don't have to read that because that is general law."

From the foregoing we think there is no doubt that the parties intended to agree and did agree that this section of the ordinance set out and pleaded was treated as read, and that this can be the only fair interpretation of the agreement.

"It is well settled that the theory upon which the case was tried in the court below must be strictly adhered to on appeal. Thus if the case is tried on the theory of the existence of a certain fact it cannot be objected on appeal that there was no proof of the existence of such fact, as, if objection had been made in the court below to the absence of such proof, the lack might have been supplied." 2 R. C. L., 79-80, sec. 55.

Agreements or stipulations to facilitate practice, made in the lower court, will be enforced on appeal. Lewis & Sons v. R. R., 150 Tenn., 94, 259 S. W., 903.

It is next insisted by counsel for Mrs. Price that the ordinances providing for traffic lights and arterial highways repealed the ordinance prohibiting the driving of automobiles faster than ten miles per hour at street intersections. The former ordinances are not copied into the record, and there is nothing in the record to show that these

expressly or by implication repealed the ordinance prohibiting a speed of more than ten miles per hour at intersection of streets. All these ordinances may exist at the same time and there is no implication that either repealed the others. Repeals by implication are not favored, and there can be no repeal by implication unless the provisions of the later ordinance are so inconsistent with, and repugnant to, the provisions of the former that they cannot stand together; effect will be given to·both ordinances if this can be done. 43 C. J., 564-6, secs. 892-3.

It is next insisted by counsel for Mrs. Price that the jury evidently found that she did not drive faster than ten miles per hour at the intersection and was not guilty of negligence, but we do not think that this contention is well made, especially in view of the fact that the court refused to charge the special request. Mrs. Price admitted that she drove ten or twelve miles per hour and the proof tended to show that she was driving faster than ten miles per hour at the time of the accident.

It results that the three assignments of error must be sustained and the judgment of the lower court with respect to Mrs. Price must be reversed and the cause remanded to the Circuit Court of Davidson county for a new trial as to her.

One-half of the cost of the appeal is adjudged against Mrs. B. F. Price. All the other costs of the cause, including one-half of the cost of the appeal, are adjudged against defendant H. F. Williams and the sureties on his appeal bond, and a judgment will be entered in this court in favor of the administratrix and against H. F. Williams for $10,000, together with interest thereon from April 20, 1929, to the present. Executions will issue accordingly.

Faw, P. J., and DeWitt, J., concur.