IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
FEBRUARY 18, 2003 Session

## JOE R. HALES v. SHELBY COUNTY, TENNESSEE

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-002477-01      D'Army Bailey, Judge**

---

**No. W2002-01539-COA-R3-CV - Filed August 12, 2003**

---

This appeal arises from a claim involving an injury sustained by a county employee. The trial court awarded the plaintiff $216,400.00 for injuries sustained while working for Shelby County. The trial court then denied Shelby County's post-trial motion seeking a credit or offset for wage continuation benefits already paid to the plaintiff. The parties raise multiple issues on appeal. For the following reasons, we affirm.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and DAVID R. FARMER, J., joined.

Carroll C. Johnson, Memphis, TN, for Appellant

Joseph Michael Cook, Memphis, TN, for Appellee

### MEMORANDUM OPINION[1]

### Facts and Procedural History

On April 19, 2000, Joe R. Hales ("Mr. Hales") was involved in an automobile accident arising out of and in the course of his employment with Shelby County ("the County"). As a consequence of this accident, Mr. Hales sustained a closed head injury which resulted in a substantial and permanent loss of his mental faculties.

---

[1] Rule 10 (Court of Appeals). Memorandum Opinion. - This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

The County is not bound by the Tennessee Worker's Compensation Act ("the Act"). Instead, the County has an Injury (OJI) Leave Policy which is supplemented by the Act where the County's policy is silent. Pursuant to the County's policy, Mr. Hales was paid disability payments in the amount of his full salary for ninety (90) days. At the end of this ninety (90) day period, Mr. Hales was paid sixty-six and two-third percent ($66\,^{2}/_{3}\%$) of his salary. These payments began on April 19, 2000 and ended on June 15, 2001.

On April 19, 2001, Mr. Hales brought suit against the County seeking "such temporary-total, permanent-partial and other job injury benefits to which he is entitled." The County filed its answer, alleging that it had paid Mr. Hales temporary disability to which he was entitled. Thereafter, Mr. Hales filed a motion to amend his complaint, seeking to add a prayer for an award of prejudgment interest. This motion was granted by order entered March 22, 2002. Mr. Hales also filed a motion requesting that any amount awarded be commuted to a lump sum.

Pursuant to Tennessee Code Annotated section 50-6-207(a)(ii)(ff) and the County policy, the trial court awarded Mr. Hales permanent disability payments for 400 weeks at the maximum compensation rate of $541.00 per week for a total award of $216,400.00. In its Final Judgment, the trial court ordered that the $216,400.00 be paid in a lump sum, awarded prejudgment interest on the amount of the award that had accrued up until the date of the trial, and provided that Mr. Hales' right to future medical benefits be left open.

Thereafter, Shelby County filed a post-trial motion seeking a credit or offset for wage continuation payments previously made to Mr. Hales. The County claimed that since the maximum total of all benefits to which Mr. Hales was entitled was 400 weeks, the County should be able to offset the amounts paid from April 19, 2000 until September 15, 2001. The trial court, finding that the County was not entitled to a credit or offset, denied the motion. The County timely filed its notice of appeal on June 13, 2002.

**Issues**

I.      Whether the County should be liable for on the job injury benefits in excess of the maximum total amount required to be paid under the County's OJI policy as supplemented by the Tennessee Worker's Compensation Act.

II.     Whether the County's stipulation of issues at trial prevents it from raising issues on appeal that were not presented at trial.

**Standard of Review**

The findings of fact made by a trial court are given a presumption of correctness that will not be overturned unless the evidence preponderates against those findings. See TENN. R. APP. P. 13(d); see also Bank/First Citizens v. Citizens and Assoc., 82 S.W.3d 259, 262 (Tenn. 2002). A trial

court's ruling on a matter of law, however, will be reviewed "'under a pure *de novo* standard . . . according no deference to the conclusions of law made by the lower court[].'" Bank/First Citizens, 82 S.W.3d at 727 (quoting Southern Constructors, Inc. v. Loudon County Bd. of Educ., 58 S.W.3d 706, 710 (Tenn. 2001)).

## Law and Analysis

We will first address Mr. Hales' assertion that the County is bound by its trial stipulations, as this is the dispositive issue. Mr. Hales asserts that the parties stipulated that there were two (2) contested issues presented for the trial court to resolve - whether Mr. Hales was entitled to receive the award in a lump sum and whether Mr. Hales was entitled to prejudgment interest. Mr. Hales further asserts that these stipulations prevent the County from raising issues on appeal which were not litigated at trial. We agree.

At trial, counsel for Mr. Hales stated that "it's my belief that there's only really two real issues, the lump sum issue and the issue of prejudgment interest." In response, counsel for the county stated "[i]t's true, the issues are essentially as counsel has stated." Counsel for the County further stated, "[a]nd the issue, as I see it, boils down to whether or not we're going to commute the settlement or whether there is any prejudgment interest." The parties also entered into the following stipulations:

(1)     the injury "arose out of and in the course and scope of his employment,"
(2)     Mr. Hales was entitled to the maximum compensation rate of $541.00 per week,
(3)     Mr. Hales was one-hundred percent (100%) totally disabled,
(4)     a mental injury is a scheduled injury pursuant to Tennessee Code Annotated section 50-6-207(ff),
(5)     Mr. Hales was entitled to "an award of 400 weeks at the rate of $541.00 a week for the total award of $216,400.00 for the permanent impairment,"
(6)     the nature of the injury requires that Mr. Hales future medicals be left open, and
(7)     the last disability or wage continuation payments made by the County was on June 15, 2001.

At no time during the trial did the County assert that it was entitled to a setoff for amounts previously paid to Mr. Hales. The County had the opportunity to assert that it was entitled to an offset and chose not to. Instead, the County stipulated that there were only two contested issues, those being whether Mr. Hales was entitled to prejudgment interest and whether the award should be paid in a lump sum. Only after the trial court decided both issues in Mr. Hales' favor did the County raise the issue of an offset.

As our Supreme Court stated in Bearman v. Camatsos, 385 S.W.2d 91(Tenn. 1964):
We have recognized a number of times the validity of an oral stipulation made during the course of a trial. Shay v. Harper, 202 Tenn. 141, 303 S.W.2d 335. Further, an

-3-

open court concession by the attorneys in the case constitutes a binding stipulation in this State. <u>Phelan v. Phelan</u>, 43 Tenn. App. 376, 309 S.W.2d 387.

When a party makes a concession or adopts a theory by stipulation and his cause of action is determined on this concession or theory, then that party must abide by his decision even on appeal by certiorari. <u>Lewis & Sons v. Ill. Cent. R. Co.</u>, 150 Tenn. 94, 259 S.W. 903; <u>Stearns v. Williams</u>, 12 Tenn. App. 427.

These stipulations will be rigidly enforced by the courts of this State. <u>State ex rel Weldon v. Thomason</u>, 142 Tenn. 527, 221 S.W. 491; <u>Tucker v. International Salt Co.</u>, 209 Tenn. 95, 349 S.W.2d 541.

<u>Id</u>. at 93. The rule that stipulations will be enforced applies "to stipulations regarding issues as well as stipulations of fact." <u>Envtl. Abatement, Inc. v. Astrum R. E. Corp.</u>, 27 S.W.3d 530, 539 (Tenn. Ct. App. 2000) (citing <u>In the Matter of Property Seized On Or About November 14-15, 1989</u>, 501 N.W.2d 482, 485 (Iowa 1993)). Our Supreme Court has also noted that the parties' stipulations that there were only two (2) controverted issues at the trial prevented the defendant "from questioning the limited nature of the decree" on appeal. <u>Aetna Cas. and Surety Co. v. Miller</u>, 491 S.W.2d 85, 86 (Tenn. 1973). The County raises no question on appeal regarding either of the issues that were stipulated to by the parties and adjudicated by the trial court. We find that the parties are bound by the stipulations they made at trial and that these stipulations prevent the County from litigating issues not presented at trial. We will not address the remaining issue as it was rendered moot by our disposition of the stipulation issue.

### Conclusion

Accordingly, we affirm. Costs on appeal taxed to the Appellant, Shelby County, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE