# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
November 9, 2011 Session

## KIMBERLIE LOIS EDMONSON v. TERRY LYNN WILSON

**Appeal from the Chancery Court for McMinn County**
**No. 23918    Jerri S. Bryant, Chancellor**

---

**No. E2010-02215-COA-R3-CV-FILED-DECEMBER 9, 2011**

---

In this case, Kimberlie Lois Edmonson ("Ms. Edmonson") filed suit against Terry Lynn Wilson ("Mr. Wilson") for breach of an alleged partnership agreement. Prior to trial, the parties reached an agreement. Following the announcement of the agreement in court by counsel, Ms. Edmonson refused to honor the agreement. Mr. Wilson filed a motion to enforce the agreement, and the trial court denied the motion. The case proceeded to a bench trial, and the court held in favor of Ms. Edmonson. Mr. Wilson appeals. We hold that the court should have enforced the settlement agreement and reverse the decision of the court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., and D. MICHAEL SWINEY, JJ., joined.

H. Chris Trew, Athens, Tennessee, for the appellant, Terry Lynn Wilson.

Kimberlie Lois Edmonson, Athens, Tennessee, Pro Se.

## OPINION

## I. BACKGROUND

Ms. Edmonson and Mr. Wilson met in 1987 and became romantically involved. This case arose from the approximately 20-year relationship between the parties. Ms. Edmonson alleged that approximately one year after the start of the relationship, Mr. Wilson asked her to partner with him in his farming business. She asserted that she declined another offer of

employment to work with Mr. Wilson and contribute to the partnership.[1]  During the relationship, Mr. Wilson purchased several tracts of land while operating the farm with the help of Ms. Edmonson, who eventually moved in with him several years after he gave her a diamond ring.[2]  Ms. Edmonson opined that she spent countless hours on the properties, tending to the animals, landscaping, and generally improving the properties for the benefit of the partnership.  She also cooked and cleaned for Mr. Edmonson and cared for his parents.  At some point, the relationship deteriorated; however, Ms. Edmonson continued to live with Mr. Wilson and tend to the animals and properties.  In 2006, Ms. Edmonson learned that Mr. Wilson had been dating another woman who was living on one of the partnership's properties in a trailer.  Upset by this revelation and told by Mr. Wilson to find another place to live, she prepared to move out of the house and into an empty trailer on partnership property.

When Ms. Edmonson moved out of the house, Mr. Wilson instituted eviction proceedings.  Following a hearing, Ms. Edmonson was evicted but was given time in which to find another suitable residence.  Ms. Edmonson filed suit, alleging that Mr. Wilson was in breach of their partnership agreement and that she was entitled to a portion of the value of the land, goods, and animals purchased during the partnership and any profits gained as a result of the partnership.

Mr. Wilson offered her $2000 to settle the matter and vacate the premises, and Ms. Edmonson accepted.  She, along with her attorney and Mr. Wilson's attorney ("defense counsel"), appeared in court to announce the settlement agreement.  Shortly thereafter, her attorney filed a motion to withdraw from the case and notified defense counsel.  Realizing that Ms. Edmonson was likely attempting to revoke her acceptance of the agreement, defense counsel filed a motion to enforce the agreement.  The trial court denied the motion by stating,

> This cause came to be heard on the 20th day of November, 2009 upon [Mr. Wilson's] Petition to Enforce Settlement Agreement.  This case was originally set on the docket for September 14, 2009, at which time [Ms. Edmonson] and her attorney and [defense counsel] appeared and announced that this matter had been settled.  The court did not place [Ms. Edmonson] under oath; however, the terms of the agreement were announced to the court and assented to by the attorneys for the parties.  [Ms. Edmonson] did not object to the terms of the settlement.

---

[1]Our use of the word partnership should not be taken as any indication that we agree or disagree with the trial court's ruling regarding the alleged partnership.

[2]The parties never married or set a date for a wedding.  Mr. Wilson vehemently denied that he ever asked Ms. Edmonson to marry him and alleged that he just merely gave her a ring.

Later, [Ms. Edmonson] refused to sign any documentation concerning the agreement, and [defense counsel] filed a Motion to Enforce Settlement Agreement. After reviewing authorities in this matter, the court hereby finds it is unable to bind the agreement as announced and sets the matter for trial on January 22, 2010.

Defense counsel then filed a motion seeking permission to appeal pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure. The court denied the motion.[3] Following a bench trial, the court held that "[a]ll real property obtained by the parties' efforts and in Mr. Wilson's name from 1988 to March 13, 2006 is property of the partnership" and awarded Ms. Edmonson "one-half interest in these properties." This timely appeal followed.

## II.  ISSUES

We consolidate and restate Mr. Wilson's issues on appeal as follows:

A.  Whether the trial court erred in refusing to enforce the settlement agreement.

B.  Whether the trial court erred in finding that a partnership existed.

## III.  STANDARD OF REVIEW

On appeal, the factual findings of the trial court are accorded a presumption of correctness and will not be overturned unless the evidence preponderates against them. *See* Tenn. R. App. P. 13(d). The trial court's conclusions of law are subject to a de novo review with no presumption of correctness. *Blackburn v. Blackburn*, 270 S.W.3d 42, 47 (Tenn. 2008); *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993). Mixed questions of law and fact are reviewed de novo with no presumption of correctness; however, appellate courts have "great latitude to determine whether findings as to mixed questions of fact and law made by the trial court are sustained by probative evidence on appeal." *Aaron v. Aaron*, 909 S.W.2d 408, 410 (Tenn. 1995).

## IV.  DISCUSSION

Mr. Wilson contends that the trial court erred in refusing to enforce the settlement agreement because they had a binding oral contract. He asserts that once they had orally

---

[3]An order denying this motion was not included in the record. However, the trial court acknowledged the denial in the later hearings for the case.

agreed to settle the matter, they did not need to appear in court, under oath, to confirm the agreement. Ms. Edmonson responds that the alleged agreement was not enforceable given that it was never reduced to writing, that she never signed anything evidencing the agreement, and that she was never placed under oath at the hearing.

"A compromise and settlement agreement is merely a contract between parties to litigation and, as such, issues of enforceability of a settlement agreement are governed by contract law." *Environmental Abatement, Inc. v. Astrum R.E. Corp.*, 27 S.W.3d 530, 539 (Tenn. Ct. App. 2000). A contract, either written or oral,

> must result from a meeting of the minds of the parties in mutual assent to the terms, must be based upon a sufficient consideration, free from fraud or undue influence, not against public policy and sufficiently definite to be enforced.

*Higgins v. Oil, Chem. and Atomic Workers Int'l Union*, 811 S.W.2d 875, 879 (Tenn. 1991). If a contract for settlement is found to be valid, "[i]t is a universal rule in American jurisprudence that the courts will enforce settlement agreements." *Wallace & Wallace, Inc. v. Rosengreen*, C/A No. 688, 1987 WL 5336, at *2 (Tenn. Ct. App. Jan. 16, 1987) (enforcing settlement agreement reached between parties even though agreement was not in writing and the court was merely informed of the agreement by counsel). Indeed, "courts 'retain the inherent power to enforce agreements entered into in settlement of litigation pending before them,' and this power exists 'even if the parties' agreement has not been reduced to writing.'" *Bennecker v. Fickeissen*, No. E2004-02129-COA-R3-CV, 2005 WL 3017609, at *3 (Tenn. Ct. App. Nov. 10, 2005) (quoting *Anglo-Danish Fibre Inds., Ltd. v. Columbian Rope Co.*, No. 01-2133 GV, 2002 WL 1784490, at *3 (W.D. Tenn. June 21, 2002)). "'Adoption of a principle that [settlement] agreements are subject to attack because they were not placed upon the record places in unnecessary jeopardy the very concept of settlement and the process by which settlement of litigation is ordinarily achieved.'" *Rosengreen*, 1987 WL 5336, at *2 (quoting *Pascarella v. Bruck*, 462 A.2d 186, 190 (N.J. Super. Ct. App. Div 1983)).

The record before us reflects that the parties had reached an agreement, whereby Mr. Wilson would pay Ms. Edmonson $2000 in exchange for the dismissal of the complaint and her agreement to release and discharge him from any liability arising from their relationship. Pursuant to this agreement, Ms. Edmonson also agreed to vacate Mr. Wilson's property. When Ms. Edmonson accepted this agreement, the parties formed a valid contract. No further action was necessary to validate the contract. Accordingly, we hold that the settlement agreement was enforceable by the trial court and that the court erred in refusing to enforce the agreement. We direct the trial court to enforce the settlement agreement upon remand.

-4-

In so holding, we acknowledge Ms. Edmonson's assertion at oral arguments that she never gave her attorney permission to settle the case. She claims that her attorney was attempting to withdraw at the hearing in which the settlement agreement was announced and that she did not feel as if her attorney was adequately representing her interests. She contends that she did not object to the proceedings at the hearing because she was not placed under oath and did not feel as if she was allowed to speak in court. In her brief, she also denied the existence of an agreement, stating that if an agreement had been reached, a hearing on the matter would not have been necessary. The record reflects that Ms. Edmonson did not raise this issue when she responded to the petition to enforce the settlement agreement. Instead, she argued that the agreement was invalid, and specifically stated,

> Plaintiff respectfully asks the court to find [the] proposed settlement agreement unenforceable and motion to dismiss void, as reflected on court record Plaintiff was not sworn under oath at attendance of the announcement of proposed settlement agreement, dated 9-14-2009. Upon allegations regarding "Release and discharge of any and all actions and claims against defendant", Plaintiff asks defendant to produce a document bearing valid signature of Kimberlie Lois Edmonson, Plaintiff, to this court for proof of "Release and discharge of any and all actions and claims against defendant."

Likewise, she did not raise the issue in her response to defense counsel's motion for interlocutory appeal. Instead, she stated,

> Plaintiff would respectfully ask this court to deny this motion for an Interlocutory Appeal by Permission[.] [F]urther[,] the facts and circumstances in this cause were reviewed with the authorities in this matter[,] and the Order filed [] stated "the court hereby finds it is unable to bind the agreement as announced." Additionally[,] Plaintiff was not provided opp[o]rtunity to speak on September 14, 2009 during the reading of the proposed settlement agreement announcement, as plaintiff was not under oath to address the court.

Thus, her argument regarding the invalidity of the agreement was predicated upon the absence of her testimony at the hearing and the absence of a writing evidencing the agreement. Additionally, the court's order denying the motion to enforce does not reflect that Ms. Edmonson ever raised an issue regarding whether her attorney had the authority to settle the matter. A party may not offer a new issue for the first time on appeal. *See Lane v. Becker*, 334 S.W.3d 756, 764 (Tenn. Ct. App. 2010) (citing *Campbell County Bd. of Educ v. Brownlee-Kesterson, Inc.*, 677 S.W.2d 457, 467 (Tenn. Ct. App. 1984)). Had the issue been raised before the trial court, evidence could have been obtained regarding the issue. *See*

*generally Stearns v. Williams*, 12 Tenn. App. 427, 1930 WL 1716, at \*5 (Tenn. Ct. App. 1930) (stating that a party may not object to the existence of a fact on appeal when that fact was admitted at trial because evidence could have been supplied at trial to confirm the fact). Moreover, the trial court could have issued an order accounting for this issue. Accordingly, we conclude that this issue is waived. Having concluded that the settlement agreement was enforceable by the trial court, we will not address the issue as to whether the trial court erred in finding the existence of a partnership.

## V. CONCLUSION

The judgment of the trial court is reversed, and the case is remanded for such further proceedings as may be necessary. Costs of the appeal are taxed to the appellee, Kimberlie Lois Edmonson.

_____
JOHN W. McCLARTY, JUDGE