PREWITT-SPURR MANUFACTURING COMPANY *v.* FRANK
WOODALL.

'(*Nashville.* December Term, 1905.)'

1. **PERSONAL INJURIES.** Not permissible to show that de-
fendant has indemnity insurance against loss by accidents
caused by his negligence.

In the employee's action for personal injuries caused by the al-
leged negligence of the employer, it is not permissible to show
that the defendant is insured in an accident and indemnity com-
pany against loss in case of a recovery against him on account
of his negligence. (*Post, p.* 608.)

2. **NEW TRIAL.** For misconduct and improper argument of
counsel in attempting to get incompetent and prejudicial evi-
dence before the jury which is not cured by court's admonition,
nor counsel's withdrawal.

Where, in such action as stated in the foregoing headnote, the
plaintiff's counsel thrice attempted to show such indemnity in-
surance, notwithstanding the court's rejection of such evidence
as incompetent; and in his concluding argument, said counsel
made remarks sufficient to cause the jury to believe that defend-
ant was so insured, which was prejudicial to the defendant, and
the harm thus done could be neutralized neither by the admoni-
tion of the court to the jury not to consider that part of the
argument, nor by the counsel's withdrawal of the same, and a
new trial sought by defendant for such misconduct and argu-
ment, and erroneously refused by the trial judge, will be granted
by the supreme court.

Cases cited and approved: Manigold v. Traction Co. (Sup.), 80 N.
Y. Supp., 861; Iverson v. McDonnell, 36 Wash., 75.

3. **SAME. Same. Granted by supreme court for misconduct of counsel, though refused by the trial judge, when.**

While ordinarily the supreme court will not interfere with the exercise of legal discretion by the circuit judge in refusing a new trial for the misconduct of counsel, yet, where there is persistent abuse of well-established and universally recognized rules of correct practice to the prejudice of the losing party, the supreme court will interpose, and grant a new trial. (*Post, p.* 609.)

### FROM DAVIDSON.

Appeal from the Circuit Court of Davidson County. —J. A. CARTWRIGHT, Judge.

W. H. WILLIAMSON, for plaintiff in error.

J. B. DANIEL and PAUL W. HOGGINS, for defendant in error.

MR. CHIEF JUSTICE BEARD delivered the opinion of the Court.

Frank Woodall, a minor about fifteen years of age, by his next friend, brought this suit to recover damages for an injury received by him while employed in the manufactory of the plaintiff in error, resulting from the alleged negligence of his employer. There was a verdict

Manufacturing Co. v. Woodall.

and judgment for $3,700 in favor of the plaintiff below. The cause is before us by appeal in the nature of writ of error.

Many errors are assigned upon the action of the circuit judge. All of these may be pretermitted, save one, which is determinative of the case upon the present record.

During the cross-examination of the surgeon who rendered professional services to young Woodall at the time of and subsequent to the injury, and who was introduced as a witness by the plaintiff in error, the counsel for the defendant in error asked him as follows: "Are you not the regular employed doctor of the insurance company?" Upon exception the trial judge held this inquiry to be incompetent. Not satisfied with this ruling, the counsel put a question to the witness still more objectionable in form, to wit: "I will ask you if it is not a fact that the Prewitt-Spurr Manufacturing Co. is insured in an accident liability company for liability occurring from this accident?" The exception interposed to this interrogatory was likewise sustained by the court. Subsequently one of the officers of the company was introduced as a witness, when the same counsel, addressing the trial judge, in spite of the fact that it had been twice announced that by his questions the counsel was seeking to bring into the record impertinent matter, he said to the court: "Now I want to prove that this company is insured against accident." Again he was told this could not be done. Not satisfied, however, with unusual tena-

city of purpose, the counsel in his concluding address
to the jury returned once more to the subject of these
various objections using these words: "But I will tell
you this, and I think you can infer this much, that if the
company had not had—I don't know whether it had or
not; that is not for me to say; the evidence is silent upon
it; but I say we are authorized from the testimony that
is here to assume that this company had—some arrange-
ment, with some insurance company or otherwise, by
which it itself was not to bear the burden of any loss that
might occur; otherwise, they would have been more care-
ful regarding these dangerous things."

This line of argument, unsupported by evidence as
it was, and bringing by indirection to the consideration
of the jury that which the trial judge had three time
ruled could not be shown directly, was at once objected
to by the counsel of plaintiff in error who at the same
time moved for a mistrial on account of this course of
conduct of adversary counsel. The circuit judge de-
clined to grant this motion, but sustained the objection,
and said to the jury that they were not "to consider that
part of the argument."

Should a verdict obtained under such conditions be
permitted to stand? We think not. It is too well set-
tled to require citation of authorities that in an action
of negligence it is incompetent to show the defendant is
insured against loss in case of a recovery against him on
account of his negligence. Notwithstanding the incom-
petency of such evidence, yet in the present case it is

apparent the counsel of the defendant in error as completely succeeded in getting the jury to believe that an indemnity policy against the accident in question was held by this company as if it had been proven distinctly by witnesses. The effect of this could not have been otherwise than prejudicial to the company, in that the jury would the more readily return a verdict against it upon the assumption that it was indemnified against loss.

It is true the counsel, after the admonition of the trial judge to the jury that they should not consider "that part of the argument" already quoted, sought himself to withdraw it; but the harm had been done, and neither admonition upon the part of the court nor withdrawal by the counsel could neutralize it. *Manigold* v. *Black River Traction Co.* (Sup.), 80 N. Y. Supp., 861; *Iverson* v. *McDonnell,* 36 Wash., 75, 78 Pac., 202.

We regard the present case, in the phase we have been considering, as exceptional in its character, and while, under ordinary conditions, this court will not interfere with the exercise of legal discretion by the circuit judge in the limitations he imposes or refuses to impose upon counsel in the conduct of their cases, and in declining a new trial by reason of such conduct, yet, when we find a persistent abuse of well-established and universally recognized rules of correct practice, it is then our duty to interpose, and to do that which should have been done by him. The judgment is therefore reversed, and the case remanded for a new trial.