PAT QUIGLEY, SR., et al., Plaintiffs in Error, v. W. P. ASKEW, Defendant in Error.

Middle Section. April 1, 1929.

Avery Handly, of Nashville, for plaintiffs in error, Quigley.

Seth M. Walker and J. J. Hooker, of Nashville, for defendant in error, Askew.

CROWNOVER, J.   This is an action by plaintiff below, Askew, for damages for personal injuries and for the loss of a suit of clothes, overcoat and glasses, caused by a collision with defendant Pat Quigley, Sr.'s automobile driven by his minor son, Pat Quigley, Jr., which automobile was at the time in the family use with the knowledge and consent of Pat Quigley, Sr., and both defendants were sued.  For convenience the parties will be styled as they were below, Askew plaintiff and Quigleys defendants.

The declaration contains four counts, which aver: (1) that the defendants wrongfully and negligently drove said automobile against the plaintiff, while he was crossing the pike after leaving a street car, and as a result of which he was knocked down and rendered unconscious, and was severely injured, cut and bruised on the head, arms, legs and body, and his arm was broken, from which injuries he suffered much pain, loss of time and expense, and was permanently injured; (2) that the driver, Pat Quigley, Jr., saw plaintiff before running over him, and knew and appreciated that plaintiff was endeavoring to escape but unlawfully drove on the left side of the road, thereby causing a violent collision with plaintiff from which he was injured; (3) that defendant Quigley

was driving faster than thirty miles per hour in violation of the statute, when the collision occurred; (4) plaintiff sued for the loss of his overcoat, suit of clothes and glasses.

The defendant pleaded the general issue of not guilty.

The jury returned a verdict for the plaintiff for $3000, the motion for a new trial was overruled and a judgment for said amount was entered, to which the defendants excepted, appealed in error, and have assigned eight errors, which are in substance that the court erred:

(1) In overruling defendants' motion for a directed verdict as there was no evidence to support a verdict for the plaintiff.

(2) In his charge to the jury, wherein he unduly emphasized plaintiff's theory of the case, and qualified and limited the rule of contributory negligence.

(3) In refusing to charge the defendants' special requests as to contributory negligence to the effect that if plaintiff did not look for automobiles before attempting to cross the road, or saw the bright lights of defendants' automobile rapidly approaching and too near for him to cross, he should have stopped, and his failure to stop was contributory negligence, and if it was the proximate cause of the accident he could not recover, but if only a remote cause then such contributory negligence should go in mitigation of damages; and that defendants were not chargeable with negligence in swerving to the left in an emergency to avoid hitting the plaintiff, where the plaintiff suddenly attempted to cross the road and the defendant did not have time to stop.

(4) The verdict was so excessive as to evince passion, prejudice or caprice on the part of the jury.

The facts necessary to be stated are that the plaintiff, a gentleman almost seventy years of age, was, on the night of November 24, 1926, going to an apartment occupied by his brother-in-law, on the Harding Road, near Nashville. He went on the street car out West End Avenue to the Harding Road and got off at Wilson's Switch, intending to walk across the highway to said apartment. The highway was twenty-seven feet wide—from the street car track to the ditch on the south side. After alighting from the street car he went to the south rail of the street car track and looked both ways. He saw defendants' automobile approaching, with head lights on, about 100 to 150 yards away. He, thinking that he had ample time to cross the highway or street, started and when he had reached half way, he saw the automobile was then only 40 or 50 yards away, running from 35 to 40 miles per hour, and was bearing down on him. He then attempted to run on across the way, when the collision occurred on the left side of the road,

as a result of which plaintiff sustained the injuries and losses for which he sued. The automobile was being driven at the time by Pat Quigley, Jr., then a minor, with his father's knowledge and consent.

Young Quigley says that he saw the plaintiff standing on the north edge of the pavement as he approached but thought that he would remain there and he proceeded on his way, but plaintiff suddenly started to run across and he in the emergency swerved to his left but hit him. His companion in the car said that he saw plaintiff standing on the edge of the pavement then walk about six paces into the road, hesitate a moment and attempt to run on across, when the driver swerved to the left in order to miss him and the collision occurred near the ditch.

The automobile brakes were in good condition and the car could have been stopped within 15 feet. The plaintiff was within 4 feet of the south curb on the Harding Road when the car struck him, and there was nothing to keep the defendant from driving his automobile to the right or north side of the road, and there was nothing to obstruct defendant's view for 100 to 150 yards on approaching plaintiff.

The first two assignments of error are embraced within the first above set out, that there was no evidence to support the verdict, and that the court failed to sustain defendants' motion for a directed verdict. These two assignments of error present one question only, namely, was there any material evidence to support the verdict of the jury? Under a long line of decision this court must take that view of the evidence most favorable to plaintiff. Chamber of Commerce v. Gurner, 13 S. W. (2d), 318. There is material evidence to show that the plaintiff, Askew, upon starting across the Harding Road, looked in both directions, and saw defendants' automobile approaching about 100 to 150 yards away, which would have given him ample time to cross in safety had the defendant been traveling at a lawful rate of speed as the plaintiff thought and had a right to presume. When the plaintiff was out in the middle of the street the defendant was forty or fifty yards away from him. The plaintiff was then past defendants' right hand side or part of the road on which he, the defendant, should have been travelling. Although the plaintiff ran, to avoid being struck, defendant drove his automobile over on the left hand side of the road, and struck the plaintiff when he was within four feet from the south side of the road.

Clearly under the facts as proven this case should have gone to the jury, and the jury has resolved the issues in favor of the plaintiff below. They evidently believed the plaintiff's statements that he, after alighting from the street car, looked both ways for

automobiles, saw defendants' car coming 100 to 150 yards away, and that he took about six paces out in the middle of the road, and then realized that the defendant was driving rapidly as his automobile was then only 40 or 50 yards away, and thereupon the plaintiff began to run on across the highway, and the defendant swerved to his left and the collision resulted. The jury found that the driver of the automobile was guilty of negligence and that the plaintiff was not guilty of contributory negligence. In this we think that the jury was correct, and without further discussion we overrule the first two assignments of error.

The defendants' third assignment of error, which is a part of the second assignment hereinabove set out, is that the court erred in his charge to the jury in that he unduly emphasized the plaintiff's theory of the case. This assignment is not well made for two reasons, first, because it is not shown wherein the court unduly emphasized plaintiff's theory of the case. It is well settled that an objection to the charge of the court not pressed on appeal but merely made pro forma without the assignment of any ground or the citation of any authority in support thereof, will not be considered by the appellate court. See Powers v. State, 117 Tenn., 363, 97 S. W., 815. Second, we cannot see that the court unduly emphasized the plaintiff's theory of the case. The theory or insistence of the defendant is found on page 185 of the record, which clearly outlines the plaintiff's duty, and the jury was told that, "if you should find that the plaintiff failed to observe ordinary care and prudence required of him for his own safety, and that such failure directly or proximately contributed in any degree to his injury, then he could not recover in this case and your verdict should be in favor of the defendants."

Prior to making this statement the trial judge had specifically defined the plaintiff's duties under the circumstances as they existed on the night of the accident, and in addition to this he charged one of the requests made by the defendant in which he further emphasized and repeated the duties of the plaintiff; hence we think that this assignment is without merit and must be overruled.

The fourth assignment of error, which is a part of the second hereinabove set out, is to the effect that the court erred in his charge by qualifying and limiting the rule of contributory negligence. It is insisted that the language used by the court in his charge seems to invade the province of the jury by stating the testimony when he charged the jury in part as follows:

"In other words, it was the plaintiff's duty to exercise ordinary care for his own safety upon seeing the approach of defendant's car, or the head lights at a distance of about 150 yards from where he started to cross the road, as he testifies

it was at that time, it was the plaintiff's duty to exercise such care and discretion as an ordinarily prudent and discreet person would be expected to exercise under similar circumstances, and this same ordinary care and discretion was incumbent upon the plaintiff at the time he says he began to run from about the 'middle of the road when he next saw plaintiff's automobile or head lights only about fifty yards from him.' "

The objection to this language is that the trial judge stated to the jury as an uncontroverted statement of fact, that defendants' car was about 150 yards away from plaintiff when he, plaintiff, started across the road, and that he further committed error by stating "and this same ordinary care and discretion was incumbent upon the plaintiff at the time he says he began to run about the middle of the road when he last saw defendants' automobile, or head lights, when fifty yards from him."

The trial judge in the portions of his charge quoted in this assignment of error, in stating the testimony, in both instances simply said: "as he testified it was at the time" and in the other instance said, "he says." The trial judge in the instant case did not give the facts mentioned in his charge to the jury as proven uncontroverted, or even as proven at all, but simply stated the testimony or gave what plaintiff said, and in effect stated the plaintiff's duty if the situation was such as testified by the plaintiff. We do not see that there is any prejudicial error in this assignment and the same is overruled.

The defendants' fifth, sixth and seventh assignments of errors are in substance as set out in the third assignment above, to the effect that the court erred in refusing to charge defendant's special request on the questions of plaintiff's contributory negligence and the negligence of the defendant in swerving to his left in an emergency, are not well made, because we think that the trial judge fully covered the propositions in his original charge.

The seventh assignment was properly refused because it did not contain a correct proposition of law. If the special request had been given, the jury would have been instructed that one who acts in an emergency is not guilty of negligence as a matter of law, and this too regardless of whose negligence brought about the emergency. One who in a sudden emergency caused by the negligence of another, acts according to his best judgment, or who acts without time in which to form a judgment, is not guilty of negligence as a matter of law, but such question of negligence is one for the jury. Said request was erroneous, first, because, if the facts stated therein were supported by evidence then the question whether defendant was guilty of negligence was for the jury and not a matter of law; second, because the request erroneously omitted the propo-

sition that in order to free defendant from negligence in an emergency his own negligence in the first instance must not have brought about the emergency. Cullom v. Glasgow, 3 Tenn. App., 443. It is not error to refuse an incorrect special request.

The eighth assignment of error to the effect that the verdict is excessive is not well made for two reasons, first, because no facts or reasons are given why the verdict was excessive, other than that it reflected the effect of the charge of the court in over-emphasizing the theory of the defendant in error and the errors in his charge on remote and contributory negligence. The plaintiffs in error content themselves with the statement that the verdict itself shows that the jury was swayed by passion, prejudice or caprice. Second, we think that the verdict is not excessive as it is uncontroverted that the defendant in error lost six months from his work, resulting in a loss of $150 per month. In addition to this, he was unable to drive his automobile for five or six months after the injury. He was knocked unconscious at the time of the accident, and during the first three weeks thereafter suffered much pain and still suffered with his back at the time of the trial, almost two years after the accident. He was cut above the eye which impaired his sight and was bruised in several places on his body. His arm had been broken and his ability to use it had been greatly impaired. The proof shows that his loss of time and damage to his clothing and personal property was approximately $1000. His arm was broken, and his vision affected, his back injured, his head badly cut, arm cut and bruised and as a result of the pain and shock his nervous system was impaired. Therefore, we are of the opinion that $3000 is not excessive and this assignment of error is overruled.

It results that all the assignments of error must be overruled and a judgment will be entered in this court for $3000, with interest from June 14, 1928, together with the cost of the cause in favor of defendant in error, Askew, and against the plaintiffs in error, Pat Quigley, Sr., and Pat Quigley, Jr. The cost of the appeal is adjudged against Pat Quigley, Sr., and Jr., and the surety on their appeal bond. Executions will issue accordingly.

Faw, P. J., and DeWitt, J., concur.