IN THE COURT OF APPEALS

AT KNOXVILLE

FILED

September 18, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

CYNTHIA SHANKS STROUD,    ) C/A NO. 03A01-9802-CV-00060
                          )
      Plaintiff-Appellant,)
                          )
                          )
                          )
                          )
                          ) APPEAL AS OF RIGHT FROM THE
v.                        ) ANDERSON COUNTY CIRCUIT COURT
                          )
                          )
                          )
                          )
                          )
GREGORY NEIL SEATON,      )
                          ) HONORABLE WILLIAM E. LANTRIP,
      Defendant-Appellee. ) CHANCELLOR, By Interchange


For Appellant                   For Appellee

DAIL R. CANTRELL                BRIAN H. TRAMMELL
Cantrell, Pratt & Varsalona     Kennerly, Montgomery & Finley, P.C.
Clinton, Tennessee              Knoxville, Tennessee


O P I N I O N


AFFIRMED AND REMANDED                            Susano, J.

1

This is a negligence action that arose out of a two-vehicle collision.  The jury returned a verdict for the defendant, Gregory Neil Seaton.  The plaintiff, Cynthia Shanks Stroud, appealed.  She raises one issue:

> Whether the trial court erred in denying her motion for a new  trial, which motion was predicated on the fact that the defendant testified at trial to a statement made by the plaintiff at the scene of the accident that "she had good insurance."

We affirm.

As pertinent to the issue before us, the transcript of the defendant's direct examination reflects the following:

> Q.  Okay.  Mr. Seaton, after the accident happened, tell the ladies and gentlemen of the jury what you did.
>
> A.  I went over to her car, and -- which was not in the road, as was said earlier, because I walked over right at the doorway to make sure she was all right and ask her if she was injured.  She said no.  She proceeded to get out of the car.  We was [sic] standing around and had small talk.  *She said she had good insurance.*  She apologized for the --
>
> MR. CANTRELL: Your Honor, I'm going to object to that.
>
> THE COURT: I'll sustain.  Ladies and gentlemen, as I previously instructed you, this case has absolutely nothing to do with insurance and whether she has good insurance, bad insurance or no insurance.  And you're to totally disregard that statement, and it plays no part in your deliberation.  Can each of you assure me that you can follow my instruction that I've told you that you're to treat that as if you had never heard it?  If there's anyone that's got a problem when you get back in the jury room and you're not able to put that out of your mind, I need to know

2

> it right now. Can everybody assure me that
> you can follow my instruction and ignore that
> statement? All right.

(Emphasis added). The plaintiff, who now seeks a reversal based on this testimony, did not move for a mistrial.[1]

The plaintiff contends that the defendant intentionally interjected insurance into the trial. She claims that the defendant was put on notice during *voir dire* that insurance was not to be mentioned before the jury. She bases this on the fact that one of the jurors on *voir dire* inquired as to whether the plaintiff had insurance to cover her medical bills, whereupon the trial judge admonished the jury that this was not an issue for their consideration.[2] She contends that "[k]nowing the jury's prejudice,[3] the [defendant] chose to disregard the court's instruction, and bring this matter [of insurance] before the fact finder."

The defendant makes a threefold response: first, that the failure of the plaintiff to move for a mistrial constitutes a waiver of any error; second, that the plaintiff's statement at the scene -- that "she had good insurance" -- was admissible "as

---

[1]It is not entirely clear from the transcript whether the plaintiff meant to communicate that *her* injuries were covered by her "good insurance" or that any injuries the defendant suffered were covered by her liability insurance. Since she "apologized," we assume she meant the latter. Regardless of what she meant, the trial court told the jury to disregard the reference to insurance.

[2]The plaintiff also argues that the defendant had a heightened sense that insurance was not to be mentioned from the fact that his own counsel had filed a motion *in limine* asking the trial court to prevent any mention before the jury of the fact that the defendant was uninsured. However, neither the motion nor an order entered pursuant to it is in the record, and thus this alleged fact is not before us and will not be considered by us in reaching our decision.

[3]The reference to the "jury's prejudice" apparently refers to the one juror's question about medical insurance.

3

a party admission tending to show fault," citing Rule 803(1.2), Tenn.R.Evid.; and, finally, that the objected-to testimony did not involve "a substantial right [that] more probably than not affected the judgment or would result in prejudice to the judicial process." *See* Rule 36(b) T.R.A.P.

It is error for a witness or an attorney to mention -- in the presence of the jury -- liability insurance during the trial of a motor vehicle, negligence case such as the one now before us. *Lovin v. Stanley*, 493 S.W.2d 725, 727-28 (Tenn.App. 1973). *See also* Rule 411, Tenn.R.Evid. Our cases have emphasized that a party's deliberate attempt to interject such evidence, especially if persistently pursued, is more apt to lead to reversal than is an inadvertent reference to insurance. *See, e.g., Potts v. Leigh*, 15 Tenn.App. 1, 5 (1931). In any event, it is clear from the cases that the issue of whether a reference to insurance is egregious enough to warrant a new trial is a matter that addresses itself to the sound discretion of the trial court, and that such discretion will be disturbed on appeal "only in exceptional cases." *Klein v. Elliott*, 436 S.W.2d 867, 880 (Tenn.App. 1968). *See also Prewitt-Spurr Mfg. Co. v. Woodall*, 90 S.W.2d 623, 624 (Tenn. 1905).

Generally speaking, the more modern cases recognize that before the "liability insurance" error will warrant reversal, there must be a showing that the injection of liability insurance into the case was an "error involving a substantial right [that] more probably than not affected the judgment or would result in prejudice to the judicial process." Rule 36(b),

4

T.R.A.P.  *See, e.g., **Terry v. Plateau Electric Cooperative***, 825 S.W.2d 418, 422-23 (Tenn.App. 1991).  Some of the earlier cases analyzed such an error in the context of the so-called "harmless error" statute, last codified at T.C.A. § 27-1-117.[4]  *See **East Tennessee Natural Gas Co. et al. v. Peltz***, 270 S.W.2d 591, 609 (Tenn.App. 1954).

It has been expressly held that a party should "move for a mistrial as soon as evidence designed to so influence the jury is offered or unintentionally gets before the jury." ***Logwood v. Nelson***, 250 S.W.2d 582, 585 (Tenn.App. 1952).  *See* Rule 36(a), T.R.A.P. ("Nothing in this rule shall be construed as requiring relief be granted a party...who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error.")

In the instant case, the plaintiff failed to move for a mistrial when the defendant mentioned insurance.  The failure to so move constitutes a waiver of the error.  *See **Spain v. Connolly***, 606 S.W.2d 540, 543-44 (Tenn.App. 1980).  In any event, and even if such a motion had been made, we do not find that the reference to insurance was a deliberate attempt on the part of the defendant to improperly influence the jury in his favor.  We do agree with the plaintiff that the trial court's comments during *voir dire* constituted a clear message to the parties that they should stay away from the issue of insurance; but this fact, standing alone, does not convince us that the defendant

---

[4]Repealed by Chapter 449 of the Public Acts of 1981.

*intentionally* interjected this "unmentionable" into the trial when he recounted what the plaintiff said at the scene. Furthermore, there is nothing in the record to suggest that this reference to insurance in any way impacted the jury's verdict in favor of the defendant.[5] There was more than ample evidence to support a conclusion that the defendant was not guilty of any negligence that proximately caused this accident.

The trial court clearly cautioned the jury that the concept of insurance was not involved in this case and was not to be considered by them. We presume the jury heeded the trial court's cautionary instruction. *See* **Johnson v. Lawrence**, 720 S.W.2d 50, 60 (Tenn.App. 1986). In our judgment, the reference to insurance by the defendant -- quickly corrected by the trial court -- is not the type of error that would warrant reversal under the circumstances of this case.

Having determined that the plaintiff waived any error by failing to make a motion for a mistrial and that, in any event, the error relied upon by the plaintiff was not sufficient to warrant reversal under Rule 36(b), T.R.A.P., we pretermit the defendant's argument that the statement was admissible under Rule 803(1.2), Tenn.R.Evid.

---

[5]The fact that the plaintiff, *who was not sued*, had liability insurance would not be a factor that would logically prompt a jury to render a verdict in favor of the defendant; but it might be argued that the reference to "good insurance" could have been interpreted by the jury as meaning that the plaintiff had a comprehensive automobile insurance policy that included medical payments coverage, thus, in some way, lessening her need for compensatory damages. While conjecture, such a line of reasoning would explain why the reference to "good insurance" could improperly affect the plaintiff's claim against the defendant.

The judgment of the trial court is affirmed. Costs on appeal are taxed to the appellant. This case is remanded to the trial court for the collection of costs assessed below, pursuant to applicable law.

_____
Charles D. Susano, Jr., J.

CONCUR:


_____
Houston M. Goddard, P.J.


_____
Herschel P. Franks, J.

7